UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| STEPHEN GERARD SMITH, | ) | |
|---|---|---|
| | ) | Case No. 1:22-cv-145 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| MARTIN FRANK, | ) | |
| | ) | |
| *Respondent*. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Petitioner, a state prisoner, filed a petition seeking habeas corpus relief under 28 U.S.C. § 2254 from various Franklin County, Tennessee criminal convictions (Doc. 1). Before the Court is Respondent's motion to dismiss the petition as time-barred (Doc. 10), in support of which he filed a memorandum (Doc. 11) and the state court record (Docs. 8, 9). Petitioner filed a response in opposition to this motion (Doc. 12). For the reasons set forth below, Respondent's motion to dismiss the petition (Doc. 10) will be **GRANTED**, and this action will be **DISMISSED**.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241, *et seq*., provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides in relevant part as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review . . . . or

    \* \* \*

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's convictions result from a jury finding him guilty of one count of aggravated assault, three counts of domestic assault, and one count of attempted aggravated assault, all arising out of various incidents between Petitioner and his wife. (Doc. 8-1, at 28–34); *State v. Smith*, No. M2015-0261-CCA-R3-CD, 2016 WL 6541838, at \*1 (Tenn. Crim. Ct. App. Nov. 4, 2016), *perm. app. denied* (Tenn. March 8, 2017). After his trial, Petitioner and the prosecution initially agreed to a sentence under which he would serve fifteen years "with a 60% release eligibility date." *Smith*, 2016 WL 6541838, at \*1. But Petitioner then filed a motion for relief from this sentence pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. (Doc. 8-1, at 48–58); *Smith*, 2016 WL 6541838, at \*2. The trial court granted that motion and sentenced Petitioner to an effective sentence of twenty-five years. (Doc. 8-1, at 105–09); *Smith*, 2016 WL 6541838, at \*2.

Petitioner filed a direct appeal challenging his twenty-five-year sentence, the TCCA affirmed it, and the Tennessee Supreme Court ("TSC") denied review. *Smith*, 2016 WL 6541838. For AEDPA purposes, Petitioner's convictions became final on June 7, 2017, the day on which Petitioner's time to file a petition for a writ of certiorari with the United States Supreme Court regarding his direct appeal expired. *Clay v. United States*, 537 U.S. 522, 524 (2003) (holding that, if no petition for certiorari is filed, the judgment becomes final upon expiration of the ninety-day period for seeking certiorari review in the Supreme Court).

The AEDPA statute of limitations then ran for two-hundred and fifty-nine days and paused on February 22, 2018, when Petitioner filed his pro se petition for post-conviction relief

2

Case 1:22-cv-00145-TRM-SKL   Document 13   Filed 10/26/22   Page 2 of 7   PageID #: 1119

from his convictions. (Doc. 9-1, at 40.) The clock began to run again on August 7, 2021, the day after the TSC denied Petitioner's request for its review of the TCCA's decision affirming the denial of his petition for post-conviction relief. (Doc. 9-16.) At that point, Petitioner had one-hundred and six days, or up to and including Monday, November 21, 2021, to file a timely federal habeas corpus petition. However, Petitioner did not file the instant petition for § 2254 relief until March 21, 2022, which is one-hundred and twenty days after the AEDPA statute of limitations expired. (Doc. 1, at 14.)

Accordingly, Petitioner's § 2254 petition is untimely. But the AEDPA's statute of limitations is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted where a petitioner shows that he diligently pursued his rights, but an extraordinary circumstance prevented him from timely filing his petition. *Id.* at 649. A petitioner bears the burden of demonstrating that he is entitled to equitable tolling, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and federal courts grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *see also Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (providing that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day").

In his petition, Petitioner asserts that the statute of limitations should not bar his petition because his facility enforced lockdowns and quarantines related to COVID-19. (Doc. 1, at 13.) Petitioner specifically alleges that his facility has had at least three quarantines of at least fourteen days and that he has been subjected to four lockdowns lasting two weeks due to positive COVID-19 tests, which he states caused him to have "limited" legal library access. (*Id.*)

3

Also, in his response in opposition to Respondent's motion to dismiss, Petitioner indicates that: (1) he did not discover his ineffective assistance of counsel claims within the AEDPA statute of limitations time period upon which Respondent relies; (2) his counsel was so incompetent it amounts to a violation of *United States v. Cronic*, 466 U.S. 648 (1984), for which he does not have to show prejudice; and (3) he seeks equitable tolling because the state court record demonstrates that he has pursued his rights diligently but his counsel's ineffective assistance and the trial court's failure to follow the *Gomez I and Gomez II*[1] cases violated his Fourteenth and Fifth Amendment rights to due process in a manner that "was not known to him" and prevented him from seeking habeas corpus relief. (Doc. 12, at 1–2.) Petitioner also asserts claims challenging the imposition and reasonableness of his sentence, (*id.* at 2), before again claiming that he has pursued his rights diligently and stating that, until the COVID-19 pandemic, he had filed all challenges on time. (*Id.* at 3.)

None of these arguments entitles Petitioner to equitable tolling of the AEDPA statute of limitations. First, while Petitioner asserts that COVID-19 quarantines and/or lockdowns at his facility excuse the untimeliness of his petition, he only asserts that these conditions resulted in him having "limited" access to the law library and does not set forth any facts from which the Court could find that these quarantines and lockdowns amounted to an extraordinary circumstance that prevented him from timely filing his petition. Moreover, even if the Court assumes that these lockdowns and/or quarantines were extraordinary circumstances that prevented Petitioner from timely filing his habeas corpus petition, Petitioner has only alleged that these quarantines and lockdowns affected him for ninety-eight days. (Doc. 1, at 13.) But

---

[1] While Petitioner does not provide a citation for the *Gomez* cases to which he refers, the Court assumes that he refers to *State v. Gomez*, 163 S.W.3d 632, 661 (Tenn. 2005) ("*Gomez I*") and *State v. Gomez*, 239 S.W.3d 733, 740 (Tenn. 2007) ("*Gomez II*").

4

Case 1:22-cv-00145-TRM-SKL   Document 13   Filed 10/26/22   Page 4 of 7   PageID #: 1121

Petitioner had a full year to discover and timely file his habeas corpus claims. And Petitioner has not set forth any persuasive reason he could not have done so during the two-hundred and sixty-seven days in that year in which was not subject to any quarantines or lockdowns, such that the Court could consider his petition timely.

As set forth above, Petitioner indicates in his response in opposition to Respondent's motion to dismiss that he did not discover various ineffective assistance of counsel claims from his trial and sentencing or his claim that the trial court did not follow the *Gomez* line of cases during the time in which he could have timely filed his habeas corpus petition. However, Petitioner does not set forth any reason he could not have timely discovered these claims with reasonable diligence. While Petitioner asserts that the trial court did not follow the *Gomez* cases, the TSC decided *Gomez II*, which is the later of the *Gomez* cases, approximately seven years before 2014, when the trial court imposed the sentence Petitioner seeks to challenge herein. Thus, neither of the *Gomez* cases was new law that Petitioner could not have discovered with reasonable diligence during the time in which he could have timely filed a habeas corpus claim based thereon. And it is axiomatic that Petitioner's claims for ineffective assistance of counsel related to his trial and sentencing and his claim for trial court error occurred no later than the resentencing that he seeks to challenge, such that Petitioner could have discovered them with reasonable diligence during the time in which he could have timely filed a habeas corpus petition. As such, Petitioner has not established that the Court could find any of his habeas corpus claims timely under 28 U.S.C. § 2241(D).

And while Petitioner generally states that his counsel's ineffective assistance and the trial court not following *Gomez I* and *II* prevented him from timely filing his habeas corpus petition, he does not set forth any facts to support these general assertions. Thus, Petitioner has not

5

established that the actions of his counsel or the trial court are extraordinary circumstances that entitle him to equitable tolling of the statute of limitations.

Petitioner's assertion that *Cronic* entitles him to equitable tolling is likewise unpersuasive. In *Cronic*, the Supreme Court held that, in evaluating a claim for ineffective assistance of counsel, a court should presume prejudice resulted where (1) a defendant is completely denied counsel during a critical stage of trial; (2) counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing"; or (3) the circumstances surrounding the trial made it unlikely that any lawyer could provide effective assistance. *Cronic*, 466 U.S. at 659–60. However, *Cronic* does not relate to application of the AEDPA statute of limitations or establish grounds for equitable tolling of that statute of limitations. *See*, *generally*, *id.*

Accordingly, the Court will grant Respondent's motion to dismiss the petition (Doc. 10) and dismiss this action as time barred. The Court therefore now must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects the § 2254 petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurists would not debate the Court's ruling that the § 2254 petition is time-barred, a COA will not issue.

For the reasons set forth above:

1. Respondent's motion to dismiss the petition (Doc. 10) will be **GRANTED**;
2. A COA will not issue;

6

3. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3); and

4. This action will be **DISMISSED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**